[No. 10,090.]

## THE PEOPLE *v.* EDWARD LEE.

DEPOSITION OF WITNESS IN A CRIMINAL CASE.—When a witness for the people in a criminal case, is required to enter into an undertaking with sureties, to appear and testify, and is committed for failure to comply, and it appears that he is unable to procure sureties, he may be discharged, and his deposition may be forthwith taken on behalf of the people.

APPEAL from the County Court, County of Placer.

The facts are stated in the opinion.

*B. F. Myres,* for the Appellant.

*John L. Love,* Attorney-General, for the People.

By the Court, CROCKETT, J.:

The defendant was convicted of robbery, and appeals from the judgment and from the order denying his motion, for a new trial. This cause was submitted on briefs to be filed; but none has been filed on behalf of the appellant. We are therefore left to surmise the grounds of error on which he relies. After a careful examination of the record, we discover no errors in the giving or refusal of instruc-

tions, and the only bill of exceptions relates to the ruling of the Court in admitting in evidence on behalf of the people, the deposition of one Hamilton, taken in pursuance of section eight hundred and eighty-two of the Penal Code. The only objection urged against the admissibility of the deposition, as appears from the bill of exceptions, was "that the only deposition admissible in a criminal case, is one taken on behalf of a defendant." It appears from the bill of exceptions that Hamilton had been imprisoned as a witness in the cause, and being unable to procure securities for his appearance, was discharged under section eight hundred and eighty-two of the Penal Code, and forthwith conditionally examined as a witness on behalf of the people in the presence of the defendant and his counsel, as provided in said section. It was not claimed that there was any irregularity in the mode of taking the deposition, and the only objection made to it was that already stated, which is clearly untenable. That section (eight hundred and eighty-two,) provides expressly that under the circumstances above stated, the witness "may be forthwith conditionally examined on behalf of the people."

Judgment and order affirmed.

Neither Mr. Chief Justice WALLACE nor Mr. Justice Mc-Kinstry expressed an opinion.